UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEREMY W. LOYD,

     Petitioner,

v.                            Case No: 6:22-cv-235-JSS-LHP

SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY
GENERAL, STATE OF FLORIDA,

     Respondents.
_____/

## **ORDER**

On April 17, 2025, the court denied Petitioner's pro se request to appeal in forma pauperis. (Dkt. 30.) Petitioner asks the court to reconsider that denial, as well as the denial of a certificate of appealability. (Dkt. 34.) Petitioner maintains that the court's decision was based on the incorrect standard insofar as the court improperly considered whether he made "a substantial showing of the denial of a constitutional right" when the court should have instead decided whether an "honorable jurist of reason would have ruled differently." (*Id.* at 1.) Petitioner further contends that he has made "a substantial showing of the denial of a constitutional right." (*Id.* at 3.)

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). The party moving for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

*Fla. Coll. of Osteopathic Med. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quotation omitted). Petitioner does not do so here. (*See* Dkt. 34.)

The court's brief statement in the order denying leave to appeal in forma pauperis that Petitioner failed to make "a substantial showing of the denial of a constitutional right," (*see* Dkt. 30 at 4), is not error. To determine whether Petitioner made the "substantial showing of the denial of a constitutional right" required to obtain a certificate of appealability on a claim that the court denied on the merits or on procedural grounds, *see* 28 U.S.C. § 2253(c)(2), the court necessarily considered whether Petitioner "demonstrate[d] that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong," *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Moreover, in denying Petitioner a certificate of appealability, the court determined both that he had "not demonstrated that reasonable jurists would find the court's assessment of the constitutional claims and procedural rulings debatable or wrong" and that he "failed to make a substantial showing of the denial of a constitutional right." (Dkt. 22 at 48.) In his motion for reconsideration, Petitioner merely disagrees with these determinations and asserts substantially the same arguments raised in his petition. (*See* Dkt. 34.) However, "[a] motion for reconsideration cannot be used to relitigate old matters[ or to] raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quotation omitted).

Because Petitioner fails to set forth any basis warranting reconsideration, his motion (Dkt. 34) is **DENIED**. Petitioner is advised that he may be able to obtain a

certificate of appealability and leave to appeal in forma pauperis from the Eleventh Circuit pursuant to the Federal Rules of Appellate Procedure.

**ORDERED** in Orlando, Florida, on June 30, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties
Counsel of Record